IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PICANTE GRILLE LLC d/b/a PICANTE MEXICAN GRILLE, PICANTE LLC, and HELIUS MUCINO,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin PICANTE GRILLE LLC, doing business as PICANTE MEXICAN GRILLE, PICANTE LLC, and HELIUS MUCINO (collectively, "Defendants"), from violating the provisions of Sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

　　1.　　Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

　　2.　　Defendant Picante LLC ("Picante I") is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 6543 State Route 22, Delmont, PA, 15626, within the jurisdiction of this Court. Defendant was engaged in a full-service restaurant business by the name of Picante Mexican Grille ("the

Restaurant"), the same name and at the same address as the one currently operated by Picante Grille LLC ("Picante II"). Picante I operated the restaurant up to at least April 2017.  Picante I sold the restaurant and all assets to Picante II for $1 on July 14, 2017.

3.  Defendant Picante Grille LLC ("Picante II"), doing business as Picante Mexican Grille, is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 6543 State Route 22, Delmont, PA, 15626. Defendant operates a full-service restaurant business at the same address, within the jurisdiction of this Court. Picante II was formed March 27, 2017, and purchased the restaurant for $1 on July 14, 2017 from Picante I.

4.  Defendant Helius Mucino has managed the restaurant at all times relevant to this complaint and is co-owner of Picante I and Picante II.  He purchased a 50 percent share of Picante I on November 25, 2016, while Picante I still owned and operated the restaurant. Mucino managed the restaurant prior to that time.  He resides in Westmoreland County, Pennsylvania, within the jurisdiction of this Court. Helius Mucino has directed employment practices and has directly or indirectly acted in the interests of Picante I and II in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day.  Mucino determined that Picante I servers would work for tips alone.

5.  The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.  Picante II is the successor to Picante I, having purchased all assets of the prior company, continuing to operate the same

business in the same location, having the same owners and managers, and having shared employees with its predecessor.  Picante II is liable for the FLSA violations of Picante I.

6. Defendant Picante I employed employees in and about its place of business in the activities of an enterprise engaged in commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including drinks, paper products, and cleaning supplies. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Picante I were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendant Picante II has employed and is employing employees in and about its place of business in the activities of an enterprise engaged in commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including drinks, paper products, and cleaning supplies. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Picante II are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

8. Defendants willfully violated the provisions of Section 6 of the Act by employing servers in an enterprise engaged in commerce and compensating these servers at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

9. For example, during the time period from April 12, 2014, through at least April 8, 2017, Defendants Picante I and Mucino improperly paid servers no wages at all. The only "compensation" servers received was through customer tips. Defendants further failed to properly inform tipped employees about Defendants' policy of taking a tip credit against Defendants' minimum wage obligations to tipped employees. Defendants therefore failed to pay employees the applicable minimum wage for all hours worked. Picante II is liable for these violations as successor to Picante I.

10. Defendants willfully violated the provisions of Section 7 of the Act by employing their employees in an enterprise engaged in commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

11. For example, during the time period from April 12, 2014, through at least April 8, 2017, Defendants Picante I and Mucino paid no overtime at all to servers who worked more than 40 hours in a week but who received no compensation from the restaurant and worked only for tips. Picante II is liable for these violations as successor to Picante I.

12. As a further example, from April 12, 2014, through at least April 8, 2017, Defendants Picante I and Mucino failed to compensate their employees, including dishwashers, busboys and cooks who worked over 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of these employees ranged from approximately 50 to approximately 60 hours, but these employees did not receive time and one-half their regular rate for their overtime hours. Picante II is liable for these violations as successor to Picante I.

13. As a third example, Defendants Picante I, Picante II, and Mucino have not paid one and one-half times the regular rate to servers during the time period from June 11, 2017, or earlier, through at least April 22, 2018. Workweeks for many of these employees exceeded 40 hours per week. Defendants did not pay the required cash wage to their employees who worked overtime. Picante II is liable for its own violations and as successor to Picante I.

14. All Defendants violated the provisions of Section 11(c) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they were required to maintain as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to display a FLSA poster, and failed to make, keep, and preserve records containing employees' wages, tips, hours worked, and personal information. This violated Section 11(c) and its implementing regulations at 29 C.F.R. §§ 516.2(a), 516.4, 516.28.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7 and 11(c) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of April 12, 2014, through at least April 22, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages

may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 22, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>170 S. Independence Mall West<br>Suite 630E, The Curtis Center<br>Philadelphia, PA 19106 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5122 (voice)<br>(215) 861-5162 (fax) | /s/John M. Strawn<br>John M. Strawn<br>Senior Trial Attorney<br>PA Bar Id. No. 49789 |
| epstein.matthew.r@dol.gov | |
| | /s/ Matthew R. Epstein<br>Matthew R. Epstein<br>Trial Attorney<br>PA Bar Id. No. 209387 |