**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MILTON AL STEWART, ACTING
SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR,

   Plaintiff,

  vs.

PICANTE GRILLE LLC, d/b/a PICANTE
MEXICAN GRILLE, PICANTE LLC, and
HELIUS MUCINO,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:19-cv-00866-RJC

Judge Robert J. Colville

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

  Before the Court are the Motions for Summary Judgment filed by: (1) Plaintiff Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor, ("Plaintiff") (ECF No. 32); and (2) Defendants Picante Grille, LLC d/b/a Picante Mexican Grille ("Picante Grille"), Picante LLC ("Picante LLC"), and Helius Mucino (collectively, "Defendants") (ECF No. 36).  By way of Plaintiff's Motion, Plaintiff seeks summary judgment and requests that the Court find that:

> (1) Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 206 and 207, and the recordkeeping provisions of the same, 29 U.S.C. § 211(c); (2) Defendant Helius Mucino is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is therefore individually liable for the violations along with the corporate Defendants; (3) Picante Grille LLC is a successor to Picante LLC; (4) Defendants' violations of the FLSA were willful; (5) Defendants are liable for $216,298.88 in damages for unpaid minimum wages and overtime based on their admissions, records[,] and testimony; (6) Defendants are liable for $216,298.88 in liquidated damages under 29 U.S.C. § 216(b); and (7) Defendants' violations warrant injunctive relief.

Pl.'s Mot. 1-2, ECF No. 32.  Defendants seek summary judgment or partial summary judgment and request that the Court find that: "(1) Plaintiff's Successor of Interest Claim Cannot Succeed

as a Matter of Law; (2) Evidence Does Not Support Helius Mucino[s] Personal Liability; and (3) [no claim for liquidated damages should stand]."  Defs.' Mot. 1, ECF No. 36; *see also* Defs.' Br. in Supp. 4, ECF No. 37.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1345.  The Motions at issue have been fully briefed, and are ripe for disposition.

## I.      Factual Background & Procedural History

This case involves alleged FLSA violations for failure to pay the requisite minimum wage and overtime compensation to employees, and for failure keep proper records of wages, hours, and other conditions and practices.  While each party disputes nearly every statement of fact submitted by the opposition, the following can be gleaned from the parties' submissions:

Picante LLC and Picante Grille, at different times, each operated a restaurant at the same Delmont, Pennsylvania location.  *See* Pl.'s Concise Statement ¶ 3, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 3, ECF No. 47.  Initially, and critically, there are two distinct and important timeframes implicated in the instant lawsuit with respect to the entity Defendants.  The first timeframe is April 14, 2014[1] to April 25, 2017, when Picante LLC operated a restaurant called Picante Mexican Grille in Delmont, Pennsylvania.  *See* Pl.'s Concise Statement ¶ 41, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 41, ECF No. 47.  The second relevant timeframe is July 14, 2017 to March 3, 2019,[2] when Picante Grille operated a restaurant, also called Picante Mexican Grille, *see* Pl.'s Concise Statement ¶ 40, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 40, ECF No. 47; ECF No. 35-6 at ¶¶ 2-3; ECF No. 52-13 at ¶¶ 10-13, at the same Delmont, Pennsylvania

---

[1] While Picante LLC operated a restaurant at this location prior to this time, FLSA claims are subject to either a two- or three-year statute of limitations, 29 U.S.C. § 255(a).  Pursuant to a tolling agreement between the parties, the FLSA statute of limitations was tolled as of April 12, 2017.  *See* ECF No. 35-11.  Accordingly, FLSA violations that occurred three years prior, i.e., April 14, 2014, a Monday, and after are at issue in this action.

[2] Plaintiff refers to April 14, 2014 through March 3, 2019 as "the relevant time period."  Pl.'s Br. in Supp. 1, ECF No. 33.  As noted, the Court believes that several distinct time periods are at issue in this matter and will not utilize the term "the relevant time period."  The Court has merely noted this reference to illustrate the cutoff date for Plaintiff's claims.

location.[3]  Picante LLC closed its restaurant sometime around April 25, 2017.  Pl.'s Concise Statement ¶ 40, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 40, ECF No. 47.  Pursuant to an Agreement of Sale, Picante Grille formally purchased all of Picante LLC's rights, title, and interest in Picante LLC's restaurant, Picante Mexican Grille, including the liquor license associated therewith and any equipment and realty associated with the restaurant, on July 14, 2017.  *Id.* at ¶ 41; Agreement of Sale, ECF No. 41-1 at 6.  Picante Grille opened its restaurant sometime not long thereafter.  Pl.'s Concise Statement ¶ 42, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 42, ECF No. 47.  Picante Grille remains in business, and Picante LLC does not operate but has not been dissolved.  *Id.* at ¶ 44.

With respect to Helius Mucino, the individual Defendant, there are three distinct and important timeframes implicated in the instant lawsuit.  The first relevant timeframe is from April 14, 2014 to November 25, 2016, when Helius Mucino worked, in some capacity, at the restaurant operated by Picante LLC, which, prior to November 25, 2016, was owned by his brother, Sergio Mucino (50%), and Noe Perez (50%).  *See* Agreement of Sale, ECF No. 48-1 at 8-10.  On November 25, 2016, Helius Mucino entered into an agreement of sale with Sergio Mucino whereby Helius Mucino agreed to purchase, and Sergio Mucino agreed to convey, on that date, Sergio Mucino's 50% ownership interest in Picante LLC for $10,000.00.  *See id.* at 8 ("Buyer shall purchase ALL of its right, title and interest in Picante, LLC, including the liquor license associated therewith and any equipment and realty involved and associated with the restaurant."); *see also* id. at 10 (Exhibit A to the Agreement of Sale providing that Noe Perez consented to Helius Mucino's purchase of Sergio Mucino's 50% membership interest in Picante LLC); Pl.'s Concise Statement

---

[3] Picante Grille was formed and registered on March 27, 2017, Defs.' Concise Statement ¶ 4, ECF No. 38; Pl.'s Resp. to Concise Statement ¶ 4, ECF No. 51, and Helius Mucino and Noe Perez are listed as the organizing members of Picante Grille with each having a 50% interest in Picante Grille, ECF No. 48-1 at 1-2; ECF No. 52-13 at ¶ 11.

¶ 39, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 39, ECF No. 47.  As noted above, Picante Grille formally purchased all of Picante LLC's rights, title, and interest in Picante LLC's restaurant, Picante Mexican Grille, for $1.00 on July 14, 2017.  Pl.'s Concise Statement ¶ 41, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 41, ECF No. 47.[4]  As such, the second relevant timeframe is November 25, 2016, when Helius Mucino purchased a 50% interest in Picante LLC, to July 14, 2017, when Picante Grille acquired all of Picante LLC's assets, rights, title, and interests associated with Picante LLC's restaurant, Picante Mexican Grille.  The final relevant timeframe with respect Helius Mucino is July 14, 2017, the date Picante Grille acquired Picante LLC's assets, to March 3, 2019, the cutoff date for Plaintiff's claims.  It is undisputed that Helius Mucino is an owner and manager of Picante Grille who makes decisions regarding the hiring, firing, and pay of Picante Grille employees.  *Id.* at ¶ 6.

Turning to the asserted FLSA violations at issue in this matter, Plaintiff asserts that various employees who worked at Picante LLC's restaurant did not receive the appropriate minimum wage or overtime compensation.  Pl.'s Concise Statement ¶¶ 11-17, ECF No. 34.  Plaintiff also asserts that employees who worked at Picante Grille's restaurant were not paid the appropriate amount of overtime compensation.  *Id.* at ¶¶ 18; 34.[5]  Plaintiff describes in detail the method utilized by Plaintiff's investigator, Cynthia Decos, in calculating the purported appropriate amount of back

---

[4] While Defendants frequently argue that Picante LLC's assets and interests in Picante Mexican Grille were acquired by Picante Grille for $10,000.00, the Court notes that Defendants, in doing so, tend to conflate the two relevant transactions that occurred with respect to Picante LLC.  On November 25, 2016, Helius Mucino acquired, from Sergio Mucino, Sergio Mucino's 50% ownership interest in Picante LLC for $10,000.00.  Agreement of Sale, ECF No. 48-1 at 8-10.  On July 14, 2017, Picante Grille acquired, from Picante LLC, all assets, rights, title, and interests associated with Picante LLC's restaurant, Picante Mexican Grille, for $1.00.  Agreement of Sale, ECF No. 41-1 at 6.  The Court notes that the Agreement of Sale between Picante LLC and Picante Grille features Helius Mucino's signature as a "Buyer," as a member of Picante Grille, and as the "Seller," on behalf of Picante LLC.

[5] The Court notes that the violations alleged to have occurred after Picante Grille opened its restaurant involve $1,679.03 in unpaid overtime compensation, Pl.'s Concise Statement ¶ 34, ECF No. 34, and thus represent a rather small percentage of the overall amount of allegedly unpaid wages at issue in this case.

wages ($216,298.88) allegedly owed in this matter.  *Id.* at ¶¶ 26-34.[6]  Plaintiff also asserts that Picante LLC kept no records of employee pay or hours worked, and that, although Picante Grille maintained records of employee pay and hours worked, it did not correctly calculate or correctly record overtime pay.  *Id.* at ¶¶ 19-21.

Investigator Decos' investigation of the restaurant operated by Picante LLC began in March of 2017, and she first visited the restaurant on March 30, 2017.  ECF No. 52-14 at ¶ 4.  She spoke with employees of the restaurant and Helius Mucino on that date.  Investigator Decos has submitted a Declaration stating that these conversations revealed that Picante LLC was not paying any wages to some employees, and that overtime was not being paid to some employees.  *Id.* at ¶ 5.  Investigator Decos further stated that, "[o]n or about April 3, 2017, [she] informed Helius Mucino that [she] [had become] aware of these issues and discussed the proper way to calculate overtime pay with him."  *Id.*  The timing of this conversation is generally corroborated by the submissions and briefing filed by Defendants, who repeatedly acknowledge notice of the investigation; and the timing of the conversation respecting the issues observed by Investigator Decos and the proper payment of overtime is directly corroborated by Helius Mucino's deposition testimony.  *See* Helius Mucino Dep. 72:4-25, ECF No. 39-6 (Helius Mucino testifying that he acquired a time clock before the restaurant was reopened on June 1, 2017 because of a previous conversation between he and Investigator Decos respecting pay practices).

Plaintiff commenced this action by filing his Complaint (ECF No. 1) on July 18, 2019. Defendants filed an Answer (ECF No. 10) on September 13, 2019.  The parties completed fact discovery in October of 2020, and subsequently requested that the Court enter a scheduling order

---

[6] Because issues of fact preclude summary judgment in Plaintiff's favor at this time as to all relevant issues, and particularly whether the violations during the various timeframes at issue herein were willful, the Court need not resolve the parties' disputes respecting Investigator Decos' calculations, and the total amount of back wages at issue, at this time.

setting forth deadlines for the filing of motions for summary judgment.  The Court entered such an Order (ECF No. 31) on November 17, 2020.  Consistent with the Court's Order, Plaintiff filed his Motion for Summary Judgment, along with a Brief in Support (ECF No. 33), a Concise Statement of Material Facts (ECF No. 34), and an Appendix of Exhibits (ECF No. 35), on January 25, 2021.  Defendants also filed their Motion for Summary Judgment, along with a Brief in Support (ECF No. 37), a Concise Statement of Material Facts (ECF No. 38), and an Appendix of Exhibits (ECF Nos. 39; 41), on January 25, 2021.  On March 5, 2021, Defendants filed the following documents: a Response in Opposition (ECF No. 45), a Brief in Opposition (ECF No. 46), a Response to Plaintiff's Concise Statement (ECF No. 47), and an Appendix of Exhibits (ECF No. 48); and Plaintiff filed the following documents: a Response in Opposition (ECF No. 49), a Brief in Opposition (ECF No. 50), a Response to Defendants' Concise Statement (ECF No. 51), and an Appendix of Exhibits (ECF No. 52).  Plaintiff and Defendants each filed a Reply Brief (ECF Nos. 53 and 54) on March 19, 2021.

## II.    Legal Standard

Summary judgment may be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted.  Fed. R. Civ. P. 56(a).  Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).

The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

## III.   Discussion

The pending Motions for Summary Judgment are cross-motions, and thus can be most effectively and efficiently addressed together.[7] At their core, the Motions' most important issues are: (1) whether Helius Mucino was, during each of the timeframes relevant herein, an employer under Section 203(d) of the FLSA, and therefore individually liable for the asserted violations at issue; (2) whether Picante Grille is a successor to Picante LLC, and is thus liable as a successor-employer for the asserted violations of Picante LLC; (3) whether the asserted violations were willful, thus warranting the application of a three-year statute of limitations, as opposed to a two-year statute of limitations; (4) whether liquidated damages are warranted in this action; and (5) whether injunctive relief is warranted.

---

[7] Though the Court notes generally that each of the Defendants has fallen well short of establishing that they are entitled to summary judgment in their favor on any issue. The record either establishes that summary judgment in Plaintiff's favor is appropriate (for some issues), or, at best, that a material issue of fact precludes summary judgment in either party's favor at this time.

Section 206 of the FLSA requires an employer to pay the appropriate minimum wage to employees.  29 U.S.C. § 206.  Section 207 provides that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  With respect to unpaid minimum wages or unpaid overtime compensation owed to any employee or employees under Section 206 or Section 207 of the FLSA, "[t]he Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages."  29 U.S.C. § 216(c).  Claims under the FLSA for unpaid minimum wages, unpaid overtime compensation, or liquidated damage must be commenced "within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).

### A.  FLSA Violations

Initially, the Court generally agrees with Defendants' assertion that Plaintiff's persistent reference to the Defendants in the collective, despite Picante Grille not existing prior to March of 2017 and despite Helius Mucino occupying different roles at various times relevant to this litigation, renders this Court's consideration of the instant Motions more difficult than it otherwise may have been.  That said, it is clear in this case that violations of the FLSA's minimum wage, overtime, and reporting requirements occurred at Picante LLC from April 14, 2014 through April 25, 2017.  While Defendants contest the extent of the violations at issue and offer argument as to which party or individual may be responsible for the same, Defendants proffer no true argument that no FLSA violations occurred at Picante LLC's restaurant during the relevant timeframe.

The record is replete with evidence that indicates that servers at Picante LLC's restaurant received tips as their only form of compensation and were paid no wages by Picante LLC, that such employees were also not paid overtime compensation, that employees who worked as cooks, dishwashers, and bussers at Picante LLC's restaurant were paid flat weekly rates with no premium for overtime hours, and that Picante LLC failed to keep appropriate records of employee pay and hours for such employees.  *See* Pl.'s Concise Statement ¶¶ 11-20, ECF No. 34; Defs.' Resp. to Concise Statement ¶¶ 11-20, ECF No. 47; Helius Mucino Dep. 48:5-23, ECF No. 39-6; ECF No. 35-1; ECF No. 35-4; ECF No. 35-5; ECF No. 35-6; ECF No. 52-4.  Because this case cannot be resolved in its entirety at the summary judgment stage, and because issues of fact preclude a determination, at this stage, as to the willfulness of any Defendant (and thus the applicable statute of limitations), the Court cannot determine the exact extent of all of the violations at issue at this time.  Given that there is sufficient evidence to allow the Court to conclude that FLSA violations have taken place in this matter, however, the Court will next consider the various issues raised in the parties' Motions for Summary Judgment.

**B. Helius Mucino's Status as an "Employer" under Section 203(d) of the FLSA During Each of the Timeframes Relevant Herein**

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  29 U.S.C.A. § 203(d).  The United States Court of Appeals for the Third Circuit has explained that "[t]he Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is 'the broadest definition that has ever been included in any one act.'"  *In re Enterprise Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 467–68 (3d Cir. 2012) (quoting *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3, 65 S.Ct. 295, 89 L.Ed. 301 (1945)).  "Aside from the corporate entity itself, a company's

owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 153 (3d Cir. 2014); *see also Solis v. A-1 Mortg. Corp.*, 934 F. Supp. 2d 778, 788 (W.D. Pa. 2013) ("Individuals acting in a supervisory capacity may be liable in their individual capacities as an employer under the FLSA." (citing *Haybarger v. Lawrence Cnty. Adult Prob. and Parole*, 667 F.3d 408 (3d Cir. 2012))).

In determining whether an alleged employer falls under the FLSA's definition of "employer," the Third Circuit has explained that courts should consider the following non-exhaustive list of factors:

> 1) the alleged employer's authority to hire and fire the relevant employees; 2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; 3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and 4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.

*In re Enterprise*, 683 F.3d at 469.  The Third Circuit further explained that the above list of factors "cannot be 'blindly applied' as the sole considerations necessary to determine joint employment," and that, "[i]f a court concludes that other indicia of 'significant control' are present to suggest that a given employer was a joint employer of an employee, that determination may be persuasive, when incorporated with the individual factors we have set forth." *Id.* at 469-70.  With respect to the *Enterprise* test's "applicability in the context of the summary judgment standard," "[s]ummary judgment may be granted if 'the evidence ... so favors the [movant] that we conclude no reasonable juror could find' otherwise." *Solis*, 934 F. Supp. 2d at 796 (quoting *In re Enterprise*, 683 F.3d at 471).

Initially, there is seemingly no dispute that Helius Mucino qualifies as a joint employer with Picante Grille during the third relevant timeframe, chronologically speaking, discussed above, that is, July 14, 2017, the date Picante Grille acquired Picante LLC's assets, to March 3, 2019, the cutoff date for Plaintiff's claims.  It is undisputed that Helius Mucino is an owner and manager of Picante Grille who makes decisions regarding the hiring, firing, and pay of Picante Grille employees.  Pl.'s Concise Statement ¶ 39, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 39, ECF No. 47.  As noted above, Picante Grille's alleged violations, which begin on July 14, 2017, make up a rather small percentage of the total damages sought in this case.  Nonetheless, Defendants offer no material argument or facts to dispute that Helius Mucino was an employer, along with Picante Grille, beginning on July 14, 2017 and continuing until March 3, 2019, and the Court finds that summary judgment in Plaintiff's favor is warranted as to Helius Mucino's "employer" status, and individual liability, for FLSA violations that occurred at Picante Grille from July 14, 2017 through March 3, 2019.  The Court will grant Plaintiff's Motion, and deny Defendant's Motion, as to Helius Mucino's individual liability for that timeframe.

Neither party expends significant effort in addressing the timeframe from November 25, 2016 to July 14, 2017, and the facts of record are generally contradictory as to Helius Mucino's exact role at Picante LLC's restaurant from the time of his purchase of Sergio Mucino's 50% interest in Picante LLC in November 2016 to the June 2017 reopening of the restaurant.  *See* Sergio Mucino Dep. 40, ECF No. 39-1 (testifying that Sergio Mucino had no responsibilities at the restaurant and that Helius Mucino took over ownership after the sale was completed); *but see* Helius Mucino Dep. 35:9-14, ECF No. 39-6 (testifying that he only took over control of the restaurant when the restaurant reopened in June 2017).   On the record before the Court, the Court cannot conclude that either party has established that there is no genuine issue of material fact as

to Helius Mucino's "employer" status during the period of time from November 25, 2016 to July 14, 2017, when Helius Mucino was an owner of Picante LLC but before Picante Grille acquired all assets, rights, title, and interests associated with Picante LLC's restaurant, Picante Mexican Grille. At best, Helius Mucino's role during this timeframe seemingly remained unchanged from the previous timeframe, when he worked at the restaurant but was not an owner of Picante LLC. Accordingly, if Plaintiff has successfully established that Helius Mucino was an employer during the, chronologically speaking, first relevant timeframe, it would be entitled to summary judgment as to Helius Mucino's employer status during the period of time from November 25, 2016 to July 14, 2017, and the Court, accordingly, looks to that issue next.

As noted above, chronologically speaking, the first relevant timeframe with respect to Helius Mucino is from April 14, 2014 to November 25, 2016, when Helius Mucino worked, in some capacity, at the restaurant operated by Picante LLC, which at the time was owned by his brother, Sergio Mucino, and Noe Perez. In evaluating the evidence at the summary judgment stage, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor, *Watson*, 478 F.3d at 147, and the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter, *Reeves*, 530 U.S. at 150–51. The evidence before the Court with respect to Helius Mucino's role at the restaurant operated by Picante LLC during this timeframe is contradictory. The Picante LLC employees who submitted statements to Investigator Decos clearly viewed Helius Mucino as a manager at Picante LLC who had the authority to hire and fire employees and set wages. *See* ECF No. 35-4; ECF No. 35-5; ECF No. 52-4. Helius Mucino and Sergio Mucino testified, however, that Helius had no supervisory authority, and that he had no authority to hire and fire employees, at Picante LLC when it was under the ownership of Sergio Mucino. *See* Sergio Mucino Dep. 18-

24; 35-40, ECF No. 39-1; Helius Mucino Dep. 18-24, ECF No. 39-6.  They further testified that those duties belonged only to Sergio Mucino and, to a lesser degree, Noe Perez, i.e., the owners of Picante LLC.

Given the competing evidence as to Helius Mucino's role at Picante LLC's restaurant from April 14, 2014 to November 25, 2016, the Court cannot, at this juncture, resolve the issue of whether he was an "employer" during that timeframe.  It is the factfinder's role to weigh this competing evidence in determining Helius Mucino's role at Picante LLC before Picante Grille acquired its interests and assets.  Accordingly, the Court does not find that there is no genuine issue of material fact as to Helius Mucino's individual liability as an "employer" under the FLSA from April 14, 2014 to November 25, 2016, and Plaintiff's and Defendants' Motions will be denied as to Helius Mucino's individual liability during this timeframe, as well as the timeframe from November 25, 2016 to July 14, 2017.

### C.  Is Picante Grille Subject to Successor Liability as a Successor to Picante LLC?

Courts in the Third Circuit apply the federal common law standard for successor liability to claims brought under the FLSA.  *Thompson*, 748 F.3d at 151.  The Third Circuit has explained:

> That standard, which presents a lower bar to relief than most state jurisprudence, was designed to "impos[e] liability upon successors beyond the confines of the common law rule when necessary to protect important employment-related policies[,]" *Einhorn v. M.L. Ruberton Constr. Co.*, 632 F.3d 89, 94 (3d Cir.2011), and dictates consideration of only the following factors: "(1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor-employer of its predecessor's legal obligation; and (3) ability of the predecessor to provide adequate relief directly." *Brzozowski v. Corr. Physician Servs., Inc.*, 360 F.3d 173, 178 (3d Cir.2004).

*Id.* at 150-51.  The Third Circuit further quoted the Seventh Circuit's decision in *Teed v. Thomas & Betts Power Solutions*, 711 F.3d 763 (7th Cir. 2013), with which it agreed, which explained:

> In the absence of successor liability, a violator of the Act could escape liability, or at least make relief much more difficult to obtain, by selling its assets without an

assumption of liabilities by the buyer (for such an assumption would reduce the purchase price by imposing a cost on the buyer) and then dissolving. And although it can be argued that imposing successor liability in such a case impedes the operation of the market in companies by increasing the cost to the buyer of a company that may have violated the FLSA, it's not a strong argument. The successor will have been compensated for bearing the liabilities by paying less for the assets it's buying; it will have paid less because the net value of the assets will have been diminished by the associated liabilities.

*Id.* at 151 (quoting *Teed*, 711 F.3d at 766–67).

In this case, it is beyond question that Picante Grille is a successor-employer that is subject to successor liability, as there is no genuine issue as to any material fact that each of the three factors discussed in *Thompson* has been established in this case. First, Defendants admit that at least "some" employees were retained when Picante Grille opened its restaurant, Defs.' Resp. to Concise Statement ¶ 42, ECF No. 47, and the record reflects a continuity of workforce from the time Picante LLC operated its restaurant to the time that Picante Grille purchased Picante LLC's restaurant and began operating its restaurant in 2017, *see* Helius Mucino Dep. 37:25-38:19, ECF No. 39-6; ECF No. 35-5; ECF No. 35-6; ECF No. 52-4; ECF No. 52-1; ECF No. 52-10. Moreover, Picante Grille was owned by the same individuals, Noe Perez and Helius Mucino, that owned Picante LLC at the time that Picante Grille acquired Picante LLC's assets and interests associated with the restaurant, Picante Mexican Grille. Picante Grille's restaurant: (1) utilized the same name (Picante Mexican Grille) as Picante LLC's restaurant, Helius Mucino Dep. 36:2-9, ECF No. 39-6; (2) featured the same outdoor sign as Picante LLC's restaurant, *id.*; and (3) was operated at the same Delmont, Pennsylvania location. There is simply no evidence of record that indicates that there was any significant difference in the operations of the two identically named restaurants, except for the fact that Picante Mexican Grille was operated by Picante Grille, as opposed to

14

Picante LLC, beginning in July of 2017.[8]  To the contrary, the evidence of record indicates that the restaurant operated by Picante Grille was essentially identical to the one that had been previously operated by Picante LLC.

The second *Thompson* factor, notice to the successor-employer of its predecessor's legal obligation, weighs overwhelmingly in favor of a finding that Picante Grille is subject to successor liability.  It is beyond question that Helius Mucino, then an owner of Picante LLC, received notice of the issues associated with Picante LLC's pay practices before Picante Grille acquired Picante LLC's interest in Picante Mexican Grille.  *See* ECF No. 52-14 at ¶ 5; Helius Mucino Dep. 72:4-25, ECF No. 39-6.  Defendants acknowledge that notice had been provided prior to Picante Grille's acquisition of Picante LLC's restaurant and assets.  *See* Defs.' Br. in Supp. 13, ECF No. 37 ("[H]ere as addressed above, the record reflects the Government had expressly provided notice prior to asset acquisition."); *id.* at 11 ("The purchase of the assets and the creation of a new company was a result of the Government action and enabled and protected people in the community to re-apply for jobs and be part of a new business.").  Defendants' briefing generally indicates that the purpose behind the creation of Picante Grille was to create a new legal entity that could freely operate a restaurant at the same location as Picante LLC's restaurant.  *Id.* at 9-13, Defs.' Reply 4, ECF No. 54.

As described above, Helius Mucino bought a 50% ownership interest in a corporation, Picante LLC, that had violated the FLSA.  Following notice, which Defendants acknowledge, of

---

[8] The Court notes that Defendants' briefing is also internally inconsistent in asserting that Picante Grille acquired a new liquor license, while also asserting that Picante LLC's liquor license, which was conveyed by means the Agreement of Sale between Picante LLC and Picante Grille, *see* Agreement of Sale, ECF No. 41-1 at 6, was transferred to Picante Grille.  *See* Br. in Opp'n 2, ECF No. 46 ("Helius Mucino then utilized the services of a law firm to legally/formally acquire the assets from Picante, LLC from his brother Sergio Mucino to create a newly formed legal business, Picante Grille, LLC, and transfer the liquor license from Picante, LLC to the newly formed company Picante Grille, LLC.").  The record supports a finding that the liquor license was not "new," but rather that a transfer of Picante LLC's liquor license was effectuated by Picante Grille.

15

such violations, Picante Grille was created by Helius Mucino and Noe Perez, the same individuals who owned Picante LLC at the time, to purchase Picante LLC's assets, rights, title, and interests associated with Picante LLC's restaurant, Picante Mexican Grille.  In light of the above, the Court finds that Picante Grille can only be described to have purchased Picante LLC's assets, rights, title, and interests associated with Picante Mexican Grille with full and complete knowledge that it was acquiring the interests and assets of a corporation that was facing potential liability for FLSA violations.

Further, Defendants frequently aver that the exact basis for the creation of Picante Grille, and its subsequent purchase of Picante LLC's interests and assets, was to allow for a restaurant to continue to be operated at the same Delmont, Pennsylvania location without the potential liabilities that had been incurred by Picante LLC.  The test for successor liability under federal common law, however, is not whether a potential successor-employer *desires* to assume the FLSA liabilities of the predecessor.  Rather, it is whether the potential successor-employer *had notice* of such liabilities, and thus an opportunity to protect itself by paying less for the acquired assets, or not purchasing the predecessor-corporation's assets in the first place.  *See Thompson*, 748 F.3d at 153 ("As we stated in *Einhorn*, '[t]he requirement of notice and the ability of the successor to shield itself during negotiations temper concerns that imposing successor liability might discourage corporate transactions.'" (quoting *Einhorn*, 632 F.3d at 96)).  The purchase price of $1.00 for all of Picante LLC's assets, rights, title, and interests associated with Picante Mexican Grille clearly further evidences Picante Grille's knowledge of Picante LLC's liabilities at the time of purchase, and reflects the diminished value of the acquired assets and interests in light of the potential for liability for FLSA violations.  Defendants are correct to state that, in this instance, there was no easy, consequence-free solution, *see* Defs.' Reply 4, ECF No. 54, to the FLSA violations at issue.

16

If the Court were to accept Picante Grille's argument respecting successor liability, any violator of the FLSA could simply avoid liability by creating a new corporation to acquire all of the assets of the violating corporation.  The Court finds that the "notice to the successor-employer" factor weighs heavily in favor of finding that Picante Grille is subject to successor liability in this matter.

Finally, on the present record, the Court can only conclude that there is no genuine issue of material fact as to whether Picante LLC has the ability to provide adequate relief directly.  The Court notes that the parties agree that Picante LLC does not operate, but has not been dissolved. Pl.'s Concise Statement ¶ 44, ECF No. 34; Defs.' Resp. to Concise Statement ¶ 44, ECF No. 47. The parties' submissions generally indicate that Picante LLC existed solely to operate its restaurant in Delmont, Pennsylvania, and that, while Picante LLC may still technically exist, it is essentially judgment-proof due to its non-operational status and because all of its interests in its restaurant, Picante Mexican Grille, have been sold to Picante Grille.  Defendants' argument as to this factor seemingly turns on an assertion that Picante LLC could have provided relief prior to Picante Grille's purchase of Picante LLC's interests and assets, and perhaps on the mistaken assertion that Picante Grille paid Picante LLC a total of $10,000.00 for Picante LLC's restaurant and assets.[9]  As it stands, the only asset that appears to possibly be collectible from Picante LLC is $1.00, and the evidence before the Court indicates that, at this time, Picante LLC has no ability to provide adequate relief for the FLSA violations at issue directly.  This factor also weighs in favor of imposing successor liability on Picante Grille.

For the reasons discussed above, the Court finds that each of the factors described in *Thompson* weighs in favor of imposing successor liability on Picante Grille.  The Court further

---

[9] *See* footnote 5 above.  Helius Mucino paid Sergio Mucino $10,000.00 for his 50% ownership interest in Picante LLC.  Picante Grille paid Picante LLC only $1.00 for all assets, rights, title, and interests associated with Picante LLC's restaurant, Picante Mexican Grille.

notes that, in this Court's estimation, this case does not present a close call as to whether successor liability should apply.  In this case, the owners of a corporation that was subject to potential liability under the FLSA created a new corporation, after learning of such potential liability, for the purpose of acquiring all of the predecessor-corporation's assets, rights, title, and interests associated with a restaurant for a minimal sum; all in order to allow the new corporation, which, again, was owned by the same individuals who owned the predecessor-corporation, to run a materially similar restaurant under an identical name, with a similar workforce, with the same equipment, and at the same location, but of course without the looming shadow of FLSA liability.  The evidence before the Court overwhelmingly supports the conclusion that Picante Grille is subject to successor liability for Picante LLC's FLSA violations, and the Court finds that there is no genuine issue of material fact as to this issue.  As such, the Court finds that summary judgment in Plaintiff's favor is appropriate as to the issue of whether Picante Grille is liable, as a successor-employer, for Picante LLC's FLSA violations.

### D.  Were the Violations at Issue Willful, Thus Requiring the Application of a Three-Year Statute of Limitations?

An FLSA violation is "'willful' within the meaning of the FLSA when 'the employer either knew or showed reckless disregard' for whether the conduct in question violated the statute." *Solis*, 934 F. Supp. 2d at 809 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). A willful employer includes "one who shows a 'disregard for the governing statute and an indifference to its requirements.'"  *Martin v. Selker Bros.*, 949 F.2d 1286, 1296 (3d Cir. 1991) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985)).  "The *Thurston* standard has been satisfied where an employer had reason to suspect that his conduct violated the

18

FLSA, but did not make a good faith effort to confirm this information and comply." *Solis*, 934 F. Supp. 2d at 810 (citing *Selker Bros.*, 949 F.2d at 1296).

Initially, the Court notes that it makes no difference whether Picante Grille's or Helius Mucino's purported violations from July 14, 2017 to March 3, 2019 were willful because, pursuant to a tolling agreement between the parties, the FLSA statute of limitations was tolled as of April 12, 2017. *See* ECF No. 35-11.[10]  Accordingly, the Court is only concerned with whether the purported violations at Picante LLC were willful, thus warranting the Court's application of a three-year statute of limitations for such violations and allowing for consideration of violations that occurred in April of 2014.  Because Picante Grille did not exist in 2014, only Picante LLC's and, potentially, Helius Mucino's actions and knowledge are at issue with respect to the Court's consideration of willfulness and the applicable statute of limitations.

The Court notes that, generally speaking, Defendants' submissions tend to conflate the standard for willfulness, upon which the plaintiff in an FLSA case bears the burden of establishing, *see Pignataro v. Port Auth. of New York & New Jersey*, 593 F.3d 265, 273 (3d Cir. 2010), and the standard for an employer's relief from otherwise mandatory liquidated damages for FLSA violations, i.e., the good faith requirement, upon which the employer bears the burden of proof, *see Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907-08 (3d Cir. 1991).  The Court will

---

[10] While Plaintiff seemingly argues that the Court can generally apply a three-year statute of limitation for all of the alleged FLSA violations at issue if it finds that any violation was willful, *see* Reply 8-9, ECF No. 53, the Court does not agree.  A finding that the violations that allegedly took place at Picante Grille were willful would not establish that a three-year statute of limitations applies to Picante LLC's 2014 violations, even though Picante Grille is a successor-employer.  The Court must look to the time that the violations took place in determining which statute of limitations applies.  Claims under the FLSA for unpaid minimum wages, unpaid overtime compensation, or liquidated damage must be commenced "within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years *after the cause of action accrued*." 29 U.S.C. § 255(a) (emphasis added).  In order to recover damages dating back to 2014 for the violations at issue at Picante LLC from April 14, 2014 to April 25, 2017, which, as alleged, are consistent during that timeframe but distinguishable from the alleged violations that occurred under Picante Grille from July 14, 2017 to March 3, 2019, Plaintiff must establish that the violations that began in 2014 were willful.

address liquidated damages and the good faith requirement in further detail below, and considers only the standard for willfulness in determining whether any party is entitled to summary judgment on the issue of the applicable statute of limitations in this case.

With respect to Helius Mucino, Helius Mucino's deposition testimony tends to demonstrate that he had no knowledge of the FLSA, or employment law generally, prior to Investigator Decos' investigation, and that he had previously received only tips, and had never been paid a wage or overtime, in his previous work experience as a server and bartender. *See* Helius Mucino Dep. 48:5-23; 75-76, ECF No. 39-6.  On the other hand, there is also evidence of record that, when he learned about Investigator Decos' investigation, Helius Mucino instructed employees to provide inaccurate information to Investigator Decos about the manner in which they were compensated. *See* ECF No. 35-4; ECF No. 35-5.  The Court cannot, at this time and on the record before it, conclude that, to the extent Helius Mucino constituted an "employer" prior to Picante Grille's acquisition of Picante LLC's assets and interests in the restaurant, Helius Mucino committed any violation of the FLSA willfully. The Court similarly cannot conclude that any violation was not willful, given evidence that he instructed employees to provide inaccurate information respecting the amount of wages that were paid to tipped employees.  Neither party is entitled to summary judgment on this issue.

With respect to whether Picante LLC's violations were willful, the evidence before the Court is also insufficient to support summary judgment for either of the parties.  There is evidence of record that Picante LLC paid some tipped employees the appropriate wages, and failed to pay others any wages at all and compensated them only with tips.  This, at least, indicates that the Picante LLC was aware of the FLSA's requirements but failed to adhere to them.  There is also evidence that Picante LLC failed to maintain appropriate records of employee pay and hours, and

that Helius Mucino and Noe Perez, then the owners of Picante LLC, instructed employees to provide inaccurate information to Investigator Decos about the manner in which the employees were compensated. *See* ECF No. 35-4; ECF No. 35-5. There is, however, very little to no direct evidence of record respecting Picante LLC's ownership's knowledge of the FLSA's requirements, or of the FLSA violations that had taken place at Picante LLC's restaurant. The Court finds that it cannot find, at this juncture, find that Plaintiff has sufficiently established that there is no genuine issue of material fact as to this issue, and both Motions for Summary Judgment will be denied as to this issue.

### E.  Liquidated Damages

With respect to liquidated damages, the FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Third Circuit has explained:

> The liquidated damages provision amounts to a Congressional recognition that failure to pay the statutory minimum and overtime wages may be so detrimental to the maintenance of the minimum standard of living "necessary for health, efficiency and general well-being of workers" that double payment must be made to compensate employees for losses they might suffer by not receiving their lawful pay when it was due. *See* [*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)]; *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir.1991).
>
> Congress subsequently mitigated the harshness of the liquidated damage provision of Section 216(b) with the enactment of Section 260 of the Portal–to–Portal Act. This section permits the district court in its sound discretion to withhold or reduce the amount of liquidated damages "if the employer shows . . . that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. In *Martin*, this court explained:
>
> > The good faith requirement is a subjective one that "requires that the employer have an honest intention to ascertain and follow the

dictates of the Act." . . .  The reasonableness requirement imposes an objective standard by which to judge the employer's conduct . . . Ignorance alone will not exonerate the employer under the objective reasonableness test . . .

If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court is without discretion to deny liquidated damages.

940 F.2d at 907–08 (quoting *Williams v. Tri–County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir.1984))(emphasis in original).

In determining an employer's subjective good faith, a court must find that the employer had an honest intention to ascertain and follow the dictates of the FLSA.  *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir.1982).  Meanwhile, the reasonableness of an employer's conduct is determined by an objective standard. *Id*.  To satisfy the objective standard, "the employer must act 'as a reasonably prudent man would have acted under the same circumstances.'" *Addison v. Huron Stevedoring Corp.*, 204 F.2d 88, 92 (2d Cir.1953) (quoting *Addison v. Huron Stevedoring Corp.*, 96 F.Supp. 142, 155 (S.D.N.Y.1950)).  Hence, an employer's ignorance alone is not sufficient in meeting the objective test.  *See Brunner*, 668 F.2d at 753.

*Brooks v. Vill. of Ridgefield Park*, 185 F.3d 130, 137 (3d Cir. 1999) (footnote omitted).  The employer bears the "plain and substantial" burden of establishing that the employer is entitled to "discretionary relief from the FLSA's mandatory liquidated damages provision," and this burden has been described as "a difficult one to meet."  *Martin*, 940 F.2d at 907-08 (3d Cir. 1991).

Again, the Court notes that Defendants conflate the standard for willfulness, upon which a plaintiff bears the burden of proof, and the standard for an employer's relief from otherwise mandatory liquidated damages, i.e., the good faith requirement, upon which the employer bears the burden of proof.  The Court finds, however, that Picante Grille and Helius Mucino have set forth sufficient evidence to survive summary judgment on the issue of liquidated damages as to any violations that occurred at Picante Grille's restaurant from July 14, 2017 to March 3, 2019.  As noted above, the violations alleged to have occurred after Picante Grille opened its restaurant involve $1,679.03 in alleged unpaid overtime over an approximately one and one-half year

timeframe, Pl.'s Concise Statement ¶ 34, ECF No. 34, and thus represent a rather small percentage of the overall amount of allegedly unpaid wages at issue in this case.  Helius Mucino testified to several efforts undertaken by Helius Mucino and Picante Grille to comply with the FLSA's requirements after his conversation with Investigator Decos, including closing the restaurant for a period of time, utilizing a time clock and related software system, and utilizing an accountant for payroll purposes.  Helius Mucino Dep. 68-77, ECF No. 39-6.  Of course, Plaintiff has produced evidence that Helius Mucino was, during the July 14, 2017 to March 3, 2019 timeframe, aware of the FLSA and its requirements, as well as Picante LLC's previous violations of the same.  Plaintiff has also produced evidence that, despite such awareness, Picante Grille failed to pay appropriate overtime compensation to tipped employees.  For these reasons, the Court will deny each party's Motion for Summary Judgment on the issue of Helius Mucino's or Picante Grille's liability for liquidated damages for FLSA violations that occurred between July 14, 2017 to March 3, 2019.

The Court will, however, grant Plaintiff's Motion as far as the same concerns liquidated damages for Picante LLC's violations at its restaurant from April 14, 2014[11] to April 25, 2017.  The basis for this Court's decision to deny summary judgment, at this time, with respect to Picante LLC's willfulness is that Plaintiff bears the burden of proof on that issue, and there is insufficient evidence of record with respect to Picante LLC's awareness of the FLSA's requirements and its knowledge of Picante LLC's violations of the same.  Ignorance, however, is not a defense to liquidated damages under the FLSA, and it is *Picante LLC* that bears the plain and substantial burden of proof with respect to good faith.  The closest Picante LLC comes to introducing evidence of its good faith is the testimony of Helius Mucino stating that he currently utilizes the same accountant for payroll purposes that Sergio Mucino had utilized during his tenure as an owner of

---

[11] The Court notes that this date is relevant only to the extent that Plaintiff establishes willfulness on Picante LLC's part.  Otherwise, the relevant date is two years prior to the parties' tolling agreement.

Picante LLC.  Helius Mucino Dep. 55-57, ECF No. 39-6.  The exact nature of any communications between Sergio Mucino and this accountant is not explored in any detail, nor does Picante LLC offer any argument as to how the utilization of an accountant could establish good faith where Picante LLC failed to pay any wages or overtime compensation to some employees.

Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court is without discretion to deny liquidated damages."  *Martin*, 940 F.2d at 908.  Defendant Picante LLC has made no showing that its acts and omissions giving rise to this lawsuit were in good faith and that it had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. Accordingly, the Court is without discretion to deny liquidated damages for all violations committed by Picante LLC, and the Court will thus grant Plaintiff's Motion for Summary Judgment as to Picante LLC's liability for liquidated damages in an additional amount equal to any liability established at trial with respect to unpaid minimum wages and unpaid overtime compensation arising from Picante LLC's FLSA violations from April 14, 2014 to April 25, 2017.

Because the Court has made no determination as to Helius Mucino's "employer" status at Picante LLC from April 14, 2014 to April 25, 2017, the Court makes no finding as to his liability for liquidated damages for FLSA violations occurring during that timeframe at this juncture.

### F.  Injunctive Relief

Given all of the above, the Court declines to address injunctive relief at this time.  The Court does note, and Plaintiff acknowledges, that injunctive relief simply would require

24

Defendants to comply with the law, an obligation that is, of course, owed regardless of this Court's grant or denial of injunctive relief.  In light of the same, the Court does not see the necessity or efficacy of injunctive relief in this context.  The Court anticipates that the parties will be prepared to address the same at the time of trial in this matter.

### IV.     Conclusion

For the reasons discussed above, the Court will grant Plaintiff's Motion for Summary Judgment in part and deny Plaintiff's Motion in part.  The Court will deny Defendants' Motion for Summary Judgment.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: December 15, 2021

cc: All counsel of record