IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>PICANTE GRILLE LLC d/b/a PICANTE MEXICAN GRILLE, PICANTE LLC, and HELIUS MUCINO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 19-866-RJC |

**JUDGMENT FOLLOWING JURY VERDICT**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure the Court enters this Judgment following a Jury Verdict in favor of the Plaintiff in the above-captioned matter.[1]

It is therefore ORDERED, ADJUDGED, and DECREED as follows.

1.    This Court previously made and entered the following findings which are included in this judgment:

    a.    Defendant Picante LLC violated the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. §§ 6, 7, and 11(c) from April 12, 2014 through July 13, 2017.  ECF 55.

    b.    Defendant Picante LLC is liable for liquidated damages for those aforesaid violations.  ECF 55.

    c.    Defendant Helius Mucino acted as an employer under the FLSA from July 13, 2017 through March 3, 2019 at Picante Grille LLC.  ECF 55.

---

[1] Plaintiff proposes this Judgment without prejudice to its right to file appeals on any issue in this case.

   d. Defendant Picante Grille LLC is liable for back wages and liquidated damages for all violations committed by Picante LLC.  ECF 55.

   e. Defendants Picante Grille LLC and Helius Mucino are liable for overtime violations from July 13, 2017 through March 3, 2019 in the amount of $1,679.03.  ECF 101 Part V; ECF 109.

2. The Jury found that Defendants Picante LLC and Helius Mucino willfully violated the FLSA.  ECF 108.

3. The Jury found that Helius Mucino was an employer at Picante LLC on and after November 26, 2016.  ECF 108.

4. This Court finds that Helius Mucino cannot meet his burden of proving both good faith and reasonable grounds for the violations that occurred at Picante LLC and therefore is jointly and severally liable for those violations occurring on and after November 26, 2016.  ECF 122.

5. Back wages are due as follows:

  a. Picante LLC is liable for $213,202.47 in back wages due to employees as described in the exhibit marked PX 2 for the time period from April 12, 2014 through July 13, 2017.  Picante Grille LLC is liable as a successor for these back wages.

  b. Picante Grille LLC also is liable for $1,679.03 in back wages for the July 13, 2017-March 3, 2019 time period as described in PX 2.

  c. Helius Mucino is jointly and severally liable for $31,248.62 of the above back wages, including all of the violations that occurred at Picante Grille LLC and violations occurring on and after November 26, 2016 at Picante LLC.

      d.   In total, employees are owed $214,881.50 in back wage damages.

6. Defendants are additionally liable for the following liquidated damages:

      a.   Picante Grille LLC is liable for $213,202.47 in liquidated damages as a successor to violations committed while Picante LLC operated.

      b.   Helius Mucino is jointly and severally liable for $29,565,59 of those liquidated damages.

7. In accordance with the liability allocations set forth above, Defendants shall pay gross back wages and liquidated damages in the total amount of $428,083.97 for violations of the overtime provisions of the Act by Defendants that occurred during the period beginning April 12, 2014 and ending March 3, 2019, ("relevant period").  It is further ordered that the overtime compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act.  Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

      a.   The provisions of this Final Judgment and Order relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants deliver to the designated representatives of the Plaintiff payment in the amount of $428,083.97 within thirty (30) days of the entry of this judgment.

      b.   Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032  or www.pay.gov.

  c. Alternatively, payment may be in the form of a certified check, bank check, or money order made payable to the order of "**Wage and Hour Division – Labor**," and mailed to:

> **U.S. Department of Labor, Wage & Hour Division**
> **1835 Market Street**
> **19th Floor Mailstop/WHD-19**
> **Philadelphia, PA 19103-2968**

The check or money order shall bear the following reference: **Case ID# 1814706.**

  d. The Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as named in Exhibit A to the Secretary's Complaint, ECF 1-1.

  e. To the best of their ability and based upon information it currently has in its possession, Defendants shall provide to Plaintiff the social security number and last known address of each employee or former employee due money under this Order at the time of the initial lump sum payment.

  f. The provisions of this Order shall not in any way affect any legal right of any individual not named in Exhibit A to the Secretary's Complaint, ECF 1-1, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

8. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Order. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Order, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

SO ORDERED,

Date: _____  _____
Robert J. Colville
United States District Judge
Western District of Pennsylvania